ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA  94612-3208
Telephone:	(510) 625-9700
Facsimile:	(510) 625-8275
Email:		abaker@beesontayer.com

Attorneys for Plaintiff
Teamsters Local 853

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT SAN FRANCISCO

| | |
|---|---|
| TEAMSTERS LOCAL 853,<br><br>                              Plaintiff,<br><br>           v.<br><br>J. C. PAPER,<br><br>                              Defendant. | Case No. C09-04671 EDL<br><br>[PROPOSED] ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Hearing Date:      January 5, 2010<br>Hearing Time:      9:00 a.m.<br>Courtroom:         E, 15th Floor<br>Judge:             Elizabeth D. Laporte<br>Complaint Filed:   October 1, 2009<br>Trial Date:        None set |

This matter came before the Court on January 5, 2010, upon Plaintiff's motion for summary judgment.  Having considered the arguments and papers submitted in support of and in opposition to the motion, and good cause appearing therefore, the Court hereby rules as follows.

Plaintiff argues that Arbitrator Riker had jurisdiction to hear and decide any disputes regarding Defendant's refusal to reinstate Grievant Jimmy Negrette following the issuance of Arbitrator Riker's April 2008 decision, including disputes over Defendant's obligation to pay Negrette back pay and benefits following July 17, 2007, the date Defendant asserts it terminated Negrette a second time, retroactively, following the issuance of the Arbitrator's April 2008 decision. Plaintiff therefore argues that Arbitrator Riker acted within his jurisdiction when he issued his August 2009 decision ordering Defendant to reimburse Negrette for lost back pay and benefits through November 8, 2008, the date he was subject to layoff.

1

Defendant argues Arbitrator Riker never had jurisdiction over the termination of Negrette effective July 17, 2007, and submits that at the second day of hearing it did not present evidence to the Arbitrator about that termination based on this position. Defendant argues that Arbitrator Riker never assumed jurisdiction over the July 17, 2007 termination and that his decision was made without considering that issue.

The Court is unable to decide at this time whether Arbitrator Riker decided that his remedial jurisdiction covered disputes over Defendant's refusal to reinstate Negrette based on Defendant's termination of Negrette effective July 17, 2007, and was therefore prepared to hear and decide that issue. Accordingly, the Court is remanding this matter to Arbitrator Riker with instructions for the Arbitrator to issue an appropriate ruling clarifying his jurisdiction in this regard. Specifically, Arbitrator Riker is asked to clarify whether his remedial jurisdiction included authority to determine whether Defendant's second termination of the Grievant, the termination Defendant asserts was effective July 17, 2007, cut off Defendant's back pay obligations to the Grievant, and whether, had Defendant submitted evidence regarding that second termination, he would have issued a decision explicitly addressing that issue.

Arbitrator Riker is directed to issue his ruling clarifying the scope of his jurisdiction within sixty days of this Order. The Court shall retain jurisdiction over this matter while it is pending before Arbitrator Riker. Upon issuance of Arbitrator Riker's ruling, the parties are directed to submit his ruling to this Court, at which time the Court will issue an appropriate Order regarding Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: January 8, 2010

_____
Honorable Elizabeth D. Laporte
United States Magistrate Judge

[PROPOSED] ORDER RE: PLAINTIFF'S MSJ
Case No. C09-04671 EDL

[Proposed] Order.doc

1 | Approved as to form.

Dated: January 7, 2010            LAW OFFICES OF DAVID A. LEPORIERE


By:      /s/David A. Leporiere
         DAVID A. LEPORIERE
Attorney for Defendant J.C. Paper