ANDREW H. BAKER, SBN 104197
BEESON, TAYER & BODINE, APC
1404 Franklin Street, 5th Floor
Oakland, CA  94612-3208
Telephone: (510) 625-9700
Facsimile: (510) 625-8275
Email: abaker@beesontayer.com

Attorneys for Plaintiff
Teamsters Local 853

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# AT SAN FRANCISCO

| | |
|---|---|
| TEAMSTERS LOCAL 853,<br><br>                         Plaintiff,<br><br>     v.<br><br>J. C. PAPER,<br><br>                         Defendant. | Case No. C09-04671 EDL<br><br>**[PROPOSED] ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:     January 5, 2010<br>Hearing Time:    9:00 a.m.<br>Courtroom:         E, 15th Floor<br>Judge:                  Elizabeth D. Laporte<br>Complaint Filed: October 1, 2009<br>Trial Date:            None set |

This matter came before the Court on January 5, 2010, upon Plaintiff's motion for summary judgment. Having considered the arguments and papers submitted in support of and in opposition to the motion, and good cause appearing therefore, the Court hereby rules as follows.

Plaintiff argues that Arbitrator Riker had jurisdiction to hear and decide any disputes regarding Defendant's refusal to reinstate Grievant Jimmy Negrette following the issuance of Arbitrator Riker's April 2008 decision, including disputes over Defendant's obligation to pay Negrette back pay and benefits following July 17, 2007, the date Defendant asserts it terminated Negrette a second time, retroactively, following the issuance of the Arbitrator's April 2008 decision. Plaintiff therefore argues that Arbitrator Riker acted within his jurisdiction when he issued his August 2009 decision ordering Defendant to reimburse Negrette for lost back pay and benefits through November 8, 2008, the date he was subject to layoff.

1    Defendant argues Arbitrator Riker never had jurisdiction over the termination of Negrette
2 effective July 17, 2007, and submits that at the second day of hearing it did not present evidence to
3 the Arbitrator about that termination based on this position.  Defendant argues that Arbitrator Riker
4 never assumed jurisdiction over the July 17, 2007 termination and that his decision was made without
5 considering that issue.

6    The Court is unable to decide at this time whether Arbitrator Riker decided that his remedial
7 jurisdiction covered disputes over Defendant's refusal to reinstate Negrette based on Defendant's
8 termination of Negrette effective July 17, 2007, and was therefore prepared to hear and decide that
9 issue.  Accordingly, the Court is remanding this matter to Arbitrator Riker with instructions for the
10 Arbitrator to issue an appropriate ruling clarifying his jurisdiction in this regard.  Specifically,
11 Arbitrator Riker is asked to clarify whether his remedial jurisdiction included authority to determine
12 whether Defendant's second termination of the Grievant, the termination Defendant asserts was
13 effective July 17, 2007, cut off Defendant's back pay obligations to the Grievant, and whether, had
14 Defendant submitted evidence regarding that second termination, he would have issued a decision
15 explicitly addressing that issue.

16    Arbitrator Riker is directed to issue his ruling clarifying the scope of his jurisdiction within
17 sixty days of this Order.  The Court shall retain jurisdiction over this matter while it is pending before
18 Arbitrator Riker.  Upon issuance of Arbitrator Riker's ruling, the parties are directed to submit his
19 ruling to this Court, at which time the Court will issue an appropriate Order regarding Plaintiff's
20 Motion for Summary Judgment.

21    IT IS SO ORDERED.

23 Dated:   January 8, 2010                          _____
24                                                   Honorable Elizabeth D. Laporte
                                                     United States Magistrate Judge

1 | Approved as to form.
2 |
3 | Dated: January 7, 2010            LAW OFFICES OF DAVID A. LEPORIERE
4 |
5 |            By:     /s/David A. Leporiere
           DAVID A. LEPORIERE
6 |            Attorney for Defendant J.C. Paper

3

[PROPOSED] ORDER RE: PLAINTIFF'S MSJ        [Proposed] Order.doc
Case No. C09-04671 EDL