IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TEAMSTERS LOCAL 853,

    Plaintiff,

v.

J.C. PAPER,

    Defendant.
_____/

No. C-09-04671 EDL, related to
No. C-08-2464 EDL

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On May 14, 2008, Plaintiff filed an action seeking to compel Defendant J.C. Paper to submit the parties' labor dispute regarding implementation of an arbitration award issued in April 2008 to further arbitration before Arbitrator William Riker pursuant to his retained jurisdiction in the underlying matter. See Teamsters Local 853 v. J.C. Paper, C-08-2464 EDL. On November 12, 2008, the Court granted Plaintiff's motion for summary judgment in that case stating: ". . . the questions of whether Defendant has complied with the arbitration award or whether the award had been fully implemented are subject to Arbitrator Riker's jurisdiction and are not properly before this Court." Teamsters Local 853 v. J.C. Paper, C-08-2464 EDL, Nov. 12, 2008 Order at 5.

On July 23, 2009, the parties conducted a second hearing before the Arbitrator. At the hearing, the parties stipulated that Mr. Negrette would have been properly subject to layoff as of November 7, 2008 even if he had been reinstated by Defendant. See Declaration of Andrew Baker in Support of Pl.'s Mot. for Summ. J. (Baker Decl.) ¶ 4; Ex. C at 134-35. Therefore, Plaintiff sought an award to cover the time period from May 11, 2007 through November 7, 2008, arguing that Defendant failed to take steps to reinstate Mr. Negrette as required by the Arbitrator. Defendant,

1 however, argued that the July 17, 2007 termination was not before the Arbitrator, and declined to
2 present any evidence of that termination on the grounds that it was the subject of a second grievance.
3 See Baker Decl. Ex. C at 140, 144-45, 147. Therefore, Defendant argued that only the time between
4 May 11, 2007 and July 17, 2007 was at issue.

On August 24, 2009, the Arbitrator issued his second opinion. See Declaration of David Leporiere Ex. 3. The Arbitrator issued an award covering the period from May 11, 2007, the date of the first termination, through November 7, 2008, the date when Mr. Negrette would have been subject to layoff in any event, and including wages, overtime and payments to the fringe benefits plans on Mr. Negrette's behalf. See id.

On September 1, 2009, Defendant sent a letter to Mr. Negrette stating that he had been terminated as of July 17, 2007 and that Defendant was going to pay him and make benefits contributions for the time between May 11, 2007 and July 17, 2007, less the ten-day suspension. See Declaration of John Becker Ex. A. On September 8, 2009, Plaintiff demanded payment of wages and benefit contributions as awarded by the Arbitrator for the period from May 11, 2007 through November 7, 2008 (less the ten-day suspension), and less payments that had already been paid on Mr. Negrette's behalf. See Becker Decl. Ex. B. Plaintiff calculated this amount to be wages of $47,326.08, overtime of $6,378.27, pension contributions of $3,474.42 and benefit contributions of $12,518.00. See Becker Decl. ¶ 6. On September 16, 2009, Defendant advised Plaintiff that it believed that the Arbitrator did not have jurisdiction over Defendant's April 14, 2008 termination, which was effective July 17, 2007, and that Defendant therefore refused to make any further payments for the period after July 17, 2007. See Becker Decl. ¶ 7; Ex. C.

On October 1, 2009, Plaintiff filed this lawsuit for confirmation of both arbitration awards. On October 16, 2009, the Court related this case to the earlier case. See Teamsters Local 853 v. J.C. Paper, C-09-4671 EDL, Docket No. 6.

On December 1, 2009, Plaintiff moved for summary judgment. Defendant opposed summary judgment and urged dismissal of the complaint, arguing that the Arbitrator was not authorized to issue the second arbitration order. The Court held a hearing on January 5, 2010.

Following that hearing, on January 8, 2010, the Court issued an order remanding this case to

**United States District Court**
For the Northern District of California

1. the Arbitrator with instructions for the Arbitrator to clarify the extent of his jurisdiction.

2. Specifically, the Court asked the Arbitrator to:

> clarify whether his remedial jurisdiction included authority to determine whether Defendant's second termination of the Grievant, the termination Defendant asserts was effective July 17, 2007, cut off Defendant's back pay obligations to the Grievant, and whether, had Defendant submitted evidence regarding that second termination, he would have issued a decision explicitly addressing that issue.

See Jan. 8, 2010 Order at 2. On February 11, 2010, Plaintiff filed a copy of the Arbitrator's February 8, 2010 decision on remand. See Attachment to Feb. 11, 2010 Declaration of Andrew Baker. In his February 8, 2010 decision, Arbitrator Riker determined that his remedial jurisdiction included the authority to determine whether Defendant's second termination of Mr. Negrette as of July 17, 2007 cut off Defendant's back pay obligations to Mr. Negrette. He also determined that had Defendant submitted evidence regarding the second termination, he would have issued a decision explicitly addressing that issue. See id. at 1-2. Further, Arbitrator Riker stated:

> The arbitrator has indicated on more than one occasion the parties gave the arbitrator the jurisdiction to determine whether the Employer had just cause to terminate the Grievant and, if so, the jurisdiction to determine the appropriate remedy. Inherent in that agreement the arbitrator was to retain jurisdiction over any dispute regarding the remedy ordered. The arbitrator's jurisdiction concerning such remedy includes having the authority to resolve any disputes that may arise over the reinstatement or refusal to reinstate Mr. Negrette. To reiterate, the arbitrator's authority and jurisdiction also included hearing and resolving disputes relating to the Employer's termination letter of April 14, 2008.

Id. at 2-3.

**Discussion**

Judicial review of a labor arbitration award is extremely limited. See Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001); Hawaii Teamsters & Allied Workers Union, Local 996 v. United Parcel Serv., 241 F.3d 1177, 1180 (9th Cir. 2001) ("Our review of labor arbitration awards is, however, extremely deferential because courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts."). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." Id. "As long as the award 'draws its essence' from the contract, meaning that on its face it is a plausible interpretation of the contract, then the courts must enforce it." Sheet Metal Workers' Int'l Ass'n

3

Local Union No. 359 v. Madison Indus. Inc. of Ariz., 84 F.3d 1186, 1190 (9th Cir. 1986); see also United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987) ("As the Court has said, the arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice."). In other words, the court's "task is to determine *whether* the arbitrator interpreted the collective bargaining agreement, *not* whether he did so correctly." Haw. Teamsters, 241 F.3d at 1178 (emphasis in original). "But as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." United Paperworkers, 484 U.S. at 38; see also United Food & Commercial Workers Int'l Union, Local 588 v. Foster Poultry Farms, 74 F.3d 169, 173 (9th Cir. 1995) (quoting Van Waters & Rogers, Inc. v. Int'l Brotherhood of Teamsters, 56 F.3d 1132, 1135 (9th Cir. 1995)) (An arbitration award must be confirmed "'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'").

The Ninth Circuit has recognized three narrow exceptions to the general rule of deference to an arbitrator's decision:

> (1) when the arbitrator's award does not "draw its essence from the collective bargaining agreement" and the arbitrator is dispensing "his own brand of industrial justice," Enterprise Wheel & Car Corp., 363 U.S. at 597, 80 S.Ct. at 1361; (2) when the arbitrator exceeds the boundaries of the issues submitted to him, Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir.1989); and (3) when the award is contrary to public policy, Misco, 484 U.S. at 42, 108 S.Ct. at 373.

Federated Dep't Stores v. United Food & Commercial Workers Union, Local 1442, 901 F.2d 1494, 1496 (9th Cir. 1990). Accordingly, absent an exception, the Court must defer to Arbitrator Riker's decision.

Defendant argues that the second exception applies because the Arbitrator did not have jurisdiction over the termination of Mr. Negrette that was effective July 17, 2007. Under the second exception, "[a]n arbitrator's authority is limited, however, by the principle that where an arbitrator 'exceeds the boundary of the submission to him, the award will be held invalid.'" Pack Concrete, Inc. v. Cunningham, 866 F.2d 283, 285 (9th Cir. 1989) (quoting La Mirada Trucking v. Teamsters

Local Union 166, 538 F.2d 286, 288 (9th Cir. 1976)). The Pack Concrete court held, however, that: "an arbitrator's interpretation of the scope of the issue submitted to him is entitled to the same deference accorded his interpretation of the collective bargaining agreement." Pack Concrete, 538 F.2d at 285 ("This approach is consistent with well-established principles of federal labor law and is supported by the decisions of those circuits that have considered the issue . . . ."). There, the employer had sent notices to employees terminating their employment as a reduction in work force. The Union described the issue to be arbitrated as "seniority and recall." The arbitrator subsequently also determined that the question of the discharges themselves was part of the issue submitted by the Union. The employer argued that the arbitrator had exceeded his authority, but the court determined that because of the interdependence of the discharge and layoff issues and the absence of a clear indication in the collective bargaining agreement of the meaning of a writing requirement regarding the arbitration issues: "the arbitrator's conclusion that the Union had properly submitted the discharge issue was, at a minimum, a 'plausible interpretation' of both the issue submitted and of the collective bargaining agreement." Pack Concrete, 866 F.2d at 286.

Here, Arbitrator Riker has made it clear that his jurisdiction extends to all remedial issues relating to Mr. Negrette's termination. Defendant has made no showing that the Arbitrator exceeded the boundaries of his authority that would support application of the Pack Concrete exception. Therefore, the Court defers to Arbitrator Riker's interpretation of the scope of his jurisdiction. Because the Court must give great deference to Arbitrator Riker's decision, Plaintiff's motion for summary judgment to confirm the arbitration award is granted.

**Attorney's Fees**

Ordinarily, the prevailing party in a lawsuit does not collect attorney's fees absent contractual or statutory authorization. See International Union of Petroleum & Industrial Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425, 428 (9th Cir.1983). However, a court may award fees if it finds that the losing party "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975). "'Bad faith may be demonstrated by showing that a defendant's obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation.'"

Western Industrial Maintenance, 707 F.2d at 428 (quoting Huecker v. Milburn, 538 F.2d 1241, 1245 n. 9 (6th Cir.1976)); see also, e.g., Sheet metal Workers' Int'l Assoc. Local Union No. 359 v. Madison Industries, Inc., 84 F.3d 11186, 1192 (9th Cir. 1996) (employer's refusal to comply with arbitration award rather than filing a petition to vacate the award evidenced bad faith). "The award of attorneys' fees in the latter context satisfies a dual purpose-deterrence and compensation. The threat of an award of attorneys' fees tends to deter frivolous dilatory tactics. The award also compensates a plaintiff 'for the added expense of having to vindicate clearly established rights in court.'" Id. The Western Industrial Maintenance court concluded that: "[t]hese considerations are particularly apt in the context of labor arbitration." Id.

Plaintiff argues that Defendant has acted in bad faith because the parties agreed on arbitration as a less expensive mechanism to resolve this dispute, yet Plaintiff believes that Defendant's conduct has forced it to file two lawsuits in this matter. Defendant, however, argues that it has not failed to comply with any arbitration decision, and has paid Mr. Negrette the amount owed for the period from May 11, 2007 to July 17, 2007. Defendant argues that it was reasonably defending itself against what it believed to be mistaken allegations that it had not complied with the Arbitrator's order, and that it had not complied with the second award because it believes that the Arbitrator lacked authority. Although the issue of Mr. Negrette's termination has resulted in two lawsuits, and the Court regrets the resulting expense to Plaintiff, the Court does not find that Defendant acted in bad faith. For example, there was some ambiguity in the Arbitrator's supplemental award, leading to the need to remand.

**Interest**

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1691; Fidelity Federal Bank v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004) (applying § 1961 to arbitration award confirmed by federal court). "Whether interest will be awarded is a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities." Wessel v. Buhler, 437 F.2d 279, 284 (9th Cir. 1971).

Plaintiff argues that an award of interest as of Arbitrator Riker's decision in August 2009 is appropriate in this case. Plaintiff argues that Mr. Negrette had to wait over one year before

6

receiving the award made by the Arbitrator in April 2008, and that Defendant's opposition to the August 2009 award is frivolous. Defendant argues that the Arbitrator specifically denied Plaintiff's request for interest in his August 2009 award because Plaintiff did not timely raise the issue, and because this grievance has already cause enough conflict between the parties. See Leporiere Decl. Ex. 3 at 8. Here, the equities do not weigh in favor of an interest award by this Court, in view of the Arbitrator's statement in his February 8, 2010 decision that "the plea to include interest as part of the make whole remedy may well be received by this arbitrator if it is requested at another hearing." See Attachment to Feb. 11, 2010 Baker Decl. at 3. Accordingly, the Court declines to award interest to Plaintiff.

**IT IS SO ORDERED.**

Dated: February 17, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge